## PEOPLE *v.* BALLARD *et al.*

(*Supreme Court, Special Term, New York County.* January 31, 1889.)

1. CORPORATION—ACTIONS BY PEOPLE—RECOVERY OF PROPERTY—EQUITY.
   Independently of statute, a court of equity in this state has no jurisdiction at the suit of the people to compel the officers of a private business corporation to refund property of the corporation illegally disposed of.

2. SAME—WHEN MAINTAINABLE—PUBLIC AND PRIVATE CORPORATIONS.
   Code Civil Proc. N. Y. art. 2, tit. 2, c. 15, § 1781, ("Actions Relating to Corporations,") provides that an action may be maintained against the trustees of a corporation to compel them to pay over to the corporation the value of property disposed of by them in violation of their duties. By section 1782 the action may be brought by the attorney general in behalf of the people, or by a creditor, trustee, or other officer of the corporation. Section 1808 provides that, when the attorney general has good reason to believe that an action can be maintained by the people, he must bring it, etc. Chapter 16, tit. 1, art. 6, ("Actions in behalf of the People,") § 1986, provides that when an action is brought by the attorney general, on the relation of a person interested, the plaintiff must allege, and the title of the action show, that the action is brought on relation. By section 1972, upon the "Commencement of an Action to Recover Public Property," the title to the property vests in the state. *Held,* that these provisions recognize the distinction between actions to protect public rights and those to protect private rights; and, as the state has no interest in the property of private business corporations, an action to compel the trustees of a non-resident corporation to pay over to it the value of property situated in another state, which they have, as alleged, unlawfully transferred, cannot be maintained by the people.

3. SAME—ACTION BY RELATOR—PLEADING.
   The fact that the action was brought on the relation of a trustee is insufficient, where neither the complaint nor the title of the action shows that it was so brought.

4. SAME—FAILURE TO SHOW CAUSE OF ACTION.
   The trustees issued stock in payment for property, which was worth much more than the par value of the stock, to one who sold it for several times its par value; the trustees not being in any way interested in the transaction, except to authorize the issue. They also, in good faith, conveyed all of the property of the corporation to another corporation, which transfer was authorized and ratified by a large majority of the stockholders. *Held* that, if the state could maintain the action, no case was shown for the interference of the cour'.

Action by the people against William J. H. Ballard and others. Code Civil Proc. N. Y. §§ 1781, 1782, referred to in the opinion, are as follows: "1781. *Action against Directors, etc., of a Corporation, for Misconduct.* An action ,may be maintained against one or more trustees, directors, managers, or other officers of a corporation, to procure a judgment for the following purposes, ,or so much thereof as the case requires: (1) Compelling the defendants to ,account for their official conduct in the management and disposition of the ,funds and property committed to their charge. (2) Compelling them to pay ,to the corporation which they represent, or to its creditors, any money, and .the value of any property, which they have acquired to themselves, or transferred to others, or lost, or wasted, by a violation of their duties. 1782. *By Whom Action to be Brought.* An action may be brought, as prescribed in .the last section, by the attorney general in behalf of the people of the state; or, except where the action is brought for the purpose specified in subdivision .third or fourth of that section, by a creditor of the corporation, or by a trus-tee, director, manager, or other officer of the corporation having a general ;superintendence of its concerns."

*Charles H. Tabor,* Atty. Gen., and *J. Langdon Ward,* for plaintiff. *Tread-well Cleveland* and *Joseph H. Choate,* for defendants.

INGRAHAM, J. This action is brought by the people of the state of New York against the defendants, as trustees of the Spring Valley Hydraulic Company, a corporation organized under the laws of the state of New York, and the plaintiff asks judgment that the defendant trustees should be severally ,decreed to pay to the corporation the money or the value of any property belonging to the said company which they have acquired to themselves or trans-ferred to others, or lost or wasted by violation of their duties; that each of the ,defendant trustees should be removed from his office as trustee of the corporation; and that a receiver of the corporation should be appointed.

The first question presented is whether the plaintiff has established any .cause of action against the defendants. The action is brought by the people in their sovereign capacity, and not on the relation of any one whose rights were impaired by any of the acts of the trustees. The right of the people by the attorney general to maintain an action in a court of chancery against a private corporation was presented to Chancellor KENT in the case of *Attorney General* v. *Insurance Co.,* reported in 2 Johns. Ch. 370; and, after an exhaustive .examination of the English and American cases, it was held that a court of equity had no jurisdiction, at the insistance of the attorney-general, to super-intend the conduct of corporations, except charitable or municipal corpora-tions; and this principle has been uniformly approved by the courts of this state. In the case of *People* v. *Railroad Co.,* 57 N. Y. 162, JOHNSON, C., in ,delivering the opinion of the commission of appeals, says: "The people of this state have no general power to invoke the action of the courts of justice, by ,suits in their name of sovereignty, for the redress of civil wrongs sustained by some citizens at the hands of others. When they come into court as plain-tiffs in a civil action, they must come upon their own right for relief to which ,they are themselves entitled. It is not sufficient for the people to show that wrong has been done to some one. The wrong must appear to be done to the people in order to support an action by the people for its redress. The suit now before us seems to have been instituted on a different theory. It sets forth various acts as wrongful which if wrongful affect no public right. These wrongs are wrongs to individual citizens, and not to the state, and are remediable at the suit of the parties injured only." And in the case of *People* v. *Ingersoll,* 58 N. Y. 15, ALLEN, J., says: "A breach of duty or a violation of ,trust by the trustees, either actual or threatened and impending, is at the foundation of every action by the attorney general or the crown, or the people as sovereign, and essential to the right of either to maintain, as well as to the

right of a court of equity to entertain jurisdiction of a suit by either touching property and funds held by public or municipal corporations for public use. If the property of a corporation be illegally interfered with by corporation officers and agents or others, the remedy is by action at the suit of the .corporation, and not by the attorney general." And this principle has been reaffirmed by the court of appeals in the case of *People* v. *O'Brien,* reported in 18 N. E. Rep. 692, where RUGER, C. J., in delivering the opinion of the .court, says: "But the state has no such interest and has no greater authority to intervene in the litigation of controversies between individuals and corporations than any other indifferent party." It thus appears that in this ,state a court of equity had, independently of the statute hereafter considered, no jurisdiction at the suit of the people to compel the officers of private busi-ness corporations to refund .property of the corporation illegally disposed of.

Plaintiff, however, claims the right to maintain the action under the pro-visions of sections 1781, 1782, Code. These sections are re-enactments of sec-tions 33, 35, art. 2, tit. 4, c. 8, pt. 3, 2 Rev. St. p. 462. By section 33 the chan-·cellor was given jurisdiction over the directors, managers, and other trustees .and officers of corporations; and by section 35 the jurisdiction conferred by section 33 was to be exercised at the instance of the attorney general, prose-cuting on behalf of the people of the state, or at the instance of any creditor ·of the corporation, or any director, trustee, or other officer of the corporation. By a reference to the revisers' note to these sections, it is stated that the first subdivision of section 33 is intended, in connection with section 35, to give the court of chancery in this state the same power that is exercised by that ·court in England in cases of charitable corporations and in other cases, the possession of which power is doubted by Chancellor KENT in 2 Johns. Ch. 380; *Attorney General* v. *Insurance Co.,*—and that the third, fourth, fifth, and sixth ·subdivisions are consequences from the first. It would therefore appear that the object of the provision referred to was to give to the court of chancery, at .the suit of the attorney general, the power over charitable and municipal cor-,porations that was exercised by the court of chancery in England. It is clear that the court of chancery in England had no jurisdiction at the suit of the :attorney general to recover property of private corporations illegally disposed ·of by its officers. *People* v. *Ingersoll,* 58 N. Y. 16, and cases there cited. On the enactment of the Code of Civil Procedure these provisions were in-·serted as article 2, tit. 2, c. 15, Code. Title 2 pertains to "Actions Relating :to Corporations," and article 2 is headed "Judicial Supervision of a Corpora-.tion and of the Officers and Members Thereof." Chapter 16 of the Code con-.tains the provisions authorizing actions in behalf of the people of the state, .and special proceedings instituted in their behalf by state writ. These pro-visions apply to cases in which the state is interested. Article 4 of that title pro-vides for the recovery by the state of money belonging to the state, and to muni-,cipal or other public corporations; and this right is given to the people without regard to the corporations, and contains provisions regulating the disposition ·of property recovered, so that the same might be applied to the uses and pur-poses for which said property was raised and procured. By section 1986 it is provided that where an action is brought by the attorney general as prescribed in that title, on the relation or information of a person having an interest in the question, the plaintiff must allege, and the title of the action must show, that the action is brought upon the relation of that person. The distinction is there maintained between actions which are to be brought by the people to ·enforce their rights and protect public property and interests, and actions brought for the protection of private rights, and for the recovery for wrongs ,done to individuals. In one case the people sue in their own right, and to enable them to maintain an action against officers of municipal or other public corporations who have misapplied corporate property. Section 1972 provides ;that, upon the commencement by the people of an action to recover such prop-

erty, the entire cause of action, including the title to the property in respect to which this action is brought, shall become vested in the people of the state. In respect to actions authorized by section 1781, however, there is no such provision. No interest in the property of private corporations is given to the people. Such property is owned by the corporation, and its creditors and stockholders. They have the right to control its disposition, and to recover it, if misapplied; and this right is protected by the constitution, and when the statute says that an action may be maintained to recover property misapplied by the officers of a corporation, or to prevent and set aside the alienation of such property, contrary to the provisions of law, by the attorney general, in the name of the people, or by a creditor, trustee, or other officer of the corporation, it would appear to have been the intention of the legislature to vest such a cause of action in the people, where they have in their sovereign capacity an interest in the application of such property to the corporate use, and where the people have no such interest in the corporation or the individual whose property has been or is about to be misapplied, and who is interested in the redress of the wrong.

Assuming that the conveyance of the property of the defendant corporation to the California corporation was unlawful, what interest have the people of the state in preventing it? The property itself was entirely in the state of California. The defendant corporation owned no property in this state, and, if the stockholders and creditors had subsequently ratified the acts of the trustees, there would have been no one to complain. Yet, if the people are allowed to maintain this action, the trustees would be compelled to pay to the corporations the value of the property which they transferred, although not one of those interested in it had asked for such relief. In this action the plaintiff claims that the value of all the property conveyed shall be paid to the corporation by the trustees; yet a very large majority of the stockholders voted to authorize the conveyance before it was made, and since the conveyance was made a still larger majority have ratified the action of the trustees by surrendering the stock in the defendants' corporation, and accepting stock in the California corporation. Section 1808 of the Code is opposed to the claim that it was intended to give the attorney general the power to institute actions to control the trustees and directors of private corporations in the management and disposition of the corporate property. It is there provided that where the attorney general had good reason to believe that the action can be maintained on behalf of the people of the state, as prescribed in the title, he must bring an action accordingly. He is not directed to bring the action when the wrongful acts have been done that give a cause of action, but only where an action on behalf of the people can be maintained; and in a case where the action can be brought by the people, and where a creditor, stockholder, director, or trustee of the corporation applies to the attorney general for that purpose, the attorney general must then bring the action, if he has good reason to believe that it can be maintained; but, where such application is made, section 1986 applies thereto, and to the action brought in pursuance thereof. And that section requires the complaint to allege and the title to show that the action is brought upon the relation of the person giving the information. This latter provision applies to the relief provided for in subdivisions 3 and 4 of section 1781, and it appears that this action was brought upon the information of Mr. Post, and neither the complaint nor the title of the action shows that the action was brought upon his relation.

I do not think, therefore, that the plaintiff has shown any cause of action against the defendant trustees to compel them to restore or pay to the corporation any property that has been transferred to others, and, not having joined the person upon whose information they commenced the action as relator, they cannot have judgment removing the trustees. There is no necessity for the intervention of the people to redress any wrong done to the de-

fendant corporation, or its stockholders or creditors. Mr. Post himself is a trustee of the defendant corporation, and he has a cause of action under section 1781 if the defendants have violated their duty, and any stockholder has at common law the right of action for any damage which he has sustained by reason of any illegal acts of the trustees. *Frothingham* v. *Barney*, 6 Hun, 371; *Taylor* v. *Earle*, 8 Hun, 1. These provisions of the statute have been in force for upwards of 50 years, and with the exception of one case (*People* v. *Bruff*, 9 Abb. N. C. 153) no action of this character has, so far as appears, ever been brought by the attorney general; and although the provisions of the Revised Statutes were not expressly referred to in the opinion of the commission of appeals in the case of *People* v. *Railroad Co.*, *supra*, they were in force at the time the case was decided.

Nor do I think, on the facts of this case, even if the people had the right to sue, that the plaintiff has made out a case to justify the interference of the court. The plaintiff claims that three acts of the defendant were a fraud upon the corporation: *First,* in the issue to the investment company of the stock of the defendant corporation for the property conveyed to it; *second,* in making the agreement of June, 1881; and, *third,* the final conveyance of all the property to the California corporation. As to the original issue of stock, I think the evidence fails to show these defendants guilty of any fraud or illegal act. The stock, amounting to the par value of $200,000, was issued in payment of property purchased, for which it was conceded the investment company paid upward of $800,000 in cash; and the fact that the investment company had sold to other persons a portion of the stock issued to defendant at a price largely in excess of its par value might be a fraud upon the purchaser of the stock, but it certainly was no fraud upon the defendant corporation. That the corporation obtained property that was at the time of a much greater value than the par value of the stock issued must be conceded, and the fact that the investment company obtained subscriptions for the stock at a price netting several times its par value is of itself proof that the defendant corporation received ample consideration for its stock. It does not appear that any of the defendants had anything to do with the issue of the stock to the investment company, except to authorize the president of the defendant corporation to issue the stock in payment for the property purchased; and of that, if it may be said that the president of the defendant corporation committed a fraud upon the corporation by issuing the stock for the property subject to a mortgage of $100,000, there is no evidence to justify the court in holding any of the defendants in this action responsible for his act in issuing the stock. So far as the agreement of June, 1881, is concerned, I think the evidence fails to show any damage to the defendants' corporation. It is clear that the defendants acted in entire good faith in making the contract, supposing it would be to the advantage of the corporation, and the agreement was shortly afterwards abrogated. The transfer of all the corporate property to the California corporation presents a more serious question. It appears, however, to have been adopted by the trustees in good faith, as being in their opinion the only plan that would prevent the defendant corporation from losing its property, and those interested in it from losing all they had invested. It was ratified by a large majority of the stockholders, and there is no suspicion, even, that the trustees or officers of the corporation who carried it out received any personal advantage by the transaction. The transfer was not void, but voidable only, at the election of the corporation or creditors. It would be extremely unjust to compel the directors to pay to the defendant corporation the value of the property when a large majority of the stockholders, by assenting to the transfer, would be estopped from denying its validity. On the whole case I think plaintiff has failed to make out a cause of action against the defendant, and that the defendant should have judgment, with costs.